# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-60722-BLOOM/Valle

RAY BERRY and COURTNEY BERRY,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Bank of America, N.A.'s ("Bank of America") Motion to Dismiss, ECF No. [9] (the "Motion"). The Court has carefully reviewed the Motion, all opposing and supporting briefs, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiffs, Ray Berry and Courtney Berry (collectively "Plaintiffs"), filed this action on April 4, 2018, against Bank of America for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. ECF No. [1]. According to the Complaint, Plaintiffs and Bank of America entered into a loan agreement secured by a mortgage. *Id*. at ¶ 11. While Plaintiffs made all required payments towards the loan for principal and interest, they allege that Bank of America improperly applied part of their payments toward escrow. *Id*. at ¶ 12-14. As a result, Plaintiffs' credit was adversely affected by showing a shortage of payments and a default under the loan. *Id*. at ¶ 17. Plaintiff alleges it notified Bank of America of its improper application of payments, by letter dated November 15, 2015, and demanded the correction of information

reported to credit bureaus. *Id*. at ¶ 19. Despite its receipt of this letter, Bank of America failed to conduct a reasonable investigation and failed to supply accurate information to credit bureaus. *Id.* at ¶21. As a result, Plaintiffs allege that Bank of America violated 15 U.S.C. §§ 1681i and 1681s-2(B). *Id.* at ¶ 9.

Bank of America moves to dismiss Plaintiffs' claims on three separate grounds: (1) lack of standing, (2) the FCRA's statute of limitations, and (3) failure to state a claim. *See* ECF No. [9]. Plaintiffs and Bank of America thereafter filed a timely response and reply respectively. *See* ECF Nos. [15] and [16]. The Motion is now ripe for review.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal

conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). It is through this lens that the Court addresses the Motion.

### III. DISCUSSION

#### a. Standing

Bank of America argues that Plaintiffs lack standing under Article III of the Constitution because they failed to allege a concrete injury. In its Reply, however, Bank of America appears to abandon this argument as it fails to address any of Plaintiff's arguments or case law cited in support of standing. Nonetheless, as standing presents a threshold question of subject-matter jurisdiction, the Court addresses whether Plaintiff satisfies the injury-in-fact requirement.

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547

(2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id*. at 1548 (internal quotation marks omitted). "A concrete injury must be *de facto*; that is, it must actually exist." *Id*. at 1548 (internal quotation marks omitted). "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term— 'real,' and not 'abstract.'" *Id*. at 1548. However, concrete injuries need not necessarily be tangible. *Id*. at 1549-50 (using the example of reporting an incorrect zip code as one that would not equate to any concrete harm, while inaccurately reporting a debt as delinquent would equate to concrete harm). In fact, a FCRA violation that causes a "material risk of harm" could be sufficient to confer Article III standing. *Id*. at 1550.

Here, Plaintiffs sufficiently claim an "injury in fact" to satisfy Article III standing. Specifically, the Complaint alleges damages consisting of: (a) their impaired ability to rebuild creditworthiness; (b) misinformation provided to third-parties about the status of their account; (c) the loss of a line of credit; and (d) damage to their reputation. ECF No. [1] at ¶ 24. Plaintiffs' allegations demonstrate a particularized and concrete injury in that Bank of America provided inaccurate information about their payment history, which in turn affected their creditworthiness and resulted in the loss of a line of credit. *See Keller v. Experian Info. Sols., Inc.*, No. 16-cv-04643-LHK, 2017 WL 130285, at *4 (N.D. Cal. Jan. 13, 2017) (finding that the plaintiff sufficiently alleged a concrete injury for Article III standing when the complaint claimed that inaccurate debt delinquency was reported) (citing *Spokeo*, 136 S. Ct. at 1549-50). In addition, Plaintiffs allege that they sustained damage to their reputation - another

particularized and concrete "injury in fact." *See Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 524 (S.D.N.Y. 2017) (finding that inaccurate reporting of plaintiff's address history that "cast [plaintiff] as itinerant, shiftless, and risky, thereby undermining [plaintiff's] prospects for employment," was sufficient to establish a material risk of harm necessary for Article III standing). As such, the Court concludes that Plaintiffs have alleged a sufficient injury in fact to establish the existence of Article III standing.

### b. The Statute of Limitations

Bank of America alternatively argues that Plaintiffs' claims must be dismissed with prejudice because they are barred by the statute of limitations. *See* ECF No. [9]. Pursuant to 15 U.S.C. § 1681p, an action to enforce a FCRA violation must be filed in the appropriate district court or other court of competent jurisdiction "not later than the earlier of— (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Thus, the Court must determine whether, based on the four corners of the Complaint, the statute of limitations bars Plaintiffs' claims.

Plaintiffs allege that they mailed Bank of America a dispute letter on November 19, 2015, evidencing that at least as early as that date Plaintiffs knew about the violation under the FCRA. *See* ECF No. [1] at ¶ 19. Despite this, Plaintiffs did not file this lawsuit until April 2, 2018 – well after the two-year limitation period ran. Plaintiffs respond by first arguing that the statute of limitations is an affirmative defense that cannot be decided on a motion to dismiss, citing to *Gullo v. Equifax Info. Services LLC*, No. 8:15-CV-01312-EAK-MAP, 2016 WL 3221735, at *3 (M.D. Fla. June 8, 2016). The district court in *Gullo* could not decide the statute of limitations issue on a motion to dismiss because there was an insufficient basis on the face of the complaint

5

to determine when the statute of limitations began to run. *Id.* Unlike *Gullo*, Plaintiffs affirmatively alleged that they mailed a dispute letter to Bank of America on November 19, 2015, demonstrating that the alleged violation had already been discovered by then. Thus, based on the four corners of the Complaint, there is a sufficient basis to decide the statute of limitations issue.

Plaintiffs alternatively argue that their Complaint is timely because "each dispute letter concerning an item on a credit report triggers a new statute of limitations period under the FCRA." ECF No. [15] at 2. In support of their position, they cite to two cases noting the split of authority among courts as to whether a subsequent dispute letter triggers a duty to investigate and a new limitations period. *See Vierbickas v. Verizon Communications Inc.*, No. 6:15-CV-1314-ORL-41-DCI, 2017 WL 1838583, at *2 (M.D. Fla. May 8, 2017) (explaining that "had Plaintiff properly alleged a claim based on the [subsequent dispute letter], there would have been at least arguable legal merit to the position that such claim was not barred by the statute of limitations"); *Vasquez v. Bank of Am., N.A.*, No. 15–cv–04072–RS, 2015 WL 7075628, at *3 (N.D. Cal. Nov. 23, 2015) ("Federal courts are split on the question of whether each separate notice of dispute triggers a duty to investigate even if the information has been disputed previously.").

In support of this argument, Plaintiffs attach to their Response a May of 2016 dispute letter mailed to Bank of America in which Plaintiffs discovered that Bank of America subsequently violated the FCRA. *See* ECF No. [15-1]. Significantly, neither this dispute letter nor the alleged May of 2016 FCRA violation are mentioned or referred to in the Complaint. It then follows that Plaintiff's claims of FCRA violations in this lawsuit are not premised upon the latter violation. The Court's analysis on a motion to dismiss is limited to the four corners of the

6

Complaint and Plaintiffs' pleading only alleges the November 19, 2015 violation. As such, the Court is compelled to find that Plaintiff's claims arising from the November of 2015 violation are time barred.[1] For that reason, Bank of America's Motion to Dismiss is granted.[2]

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Bank of America's Motion to Dismiss, **ECF No. [9]**, is **GRANTED.**

2. Plaintiffs Complaint, **ECF No. [1]**, is **DISMISSED WITH PREJUDICE.**

3. Pursuant to Federal Rule of Civil Procedure 58, the Court will enter Final Judgment by separate order.

**DONE** and **ORDERED** in Miami, Florida this 25th day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

---

[1] In this Order, the Court is not commenting upon the timeliness or the validity of this unpled FCRA claim.

[2] Because the claims alleged in the Complaint are time barred, the Court need not decide the second issue raised in the Motion to Dismiss: whether Plaintiffs were required to mail the dispute letter to the credit reporting agency – as opposed to Bank of America - prior to filing suit.